UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TERENCE BODIE,

                Plaintiff,           02 Civ. 7697 (PKC)

   -against-

                              MEMORANDUM AND ORDER

ROBERT M. MORGENTHAU, District
Attorney, New York County, JAMES M.
KINDLER, Chief Assistant District
Attorney, New York County, ANN
DONNELLY, Assistant District Attorney,
New York County, DONNA DODDS,
Associate General Counsel, The City of
New York, Department of Probation,
BRION D. TRAVIS, Chairman of the
New York State Division of Parole,
GLENN S. GOORD, Commissioner of the
Department of Correction Services,

                Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff, proceeding pro se, commenced this action on September 25, 2002, bringing claims against various defendants under 42 U.S.C. § 1983. In a Memorandum & Order dated September 23, 2004, I dismissed all of plaintiff's claims with the very narrow exception of his claims for injunctive relief against defendant Goord. See Bodie v. Morgenthau, 342 F. Supp. 2d 193 (S.D.N.Y. 2004) ("Boddie I").[1] Familiarity with that decision is assumed. Goord then moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., on the remaining claims for injunctive relief. Despite the Court's

---

[1] As noted in my earlier opinion, though plaintiff's name is spelled "Bodie" in the caption, he spells it "Boddie" in his own filings, so I will adopt the latter spelling throughout this opinion.

grant of several requested extensions of time, plaintiff failed to oppose the motion in a timely fashion.

Goord's motion was premised largely on his contention that the claims for injunctive relief were mooted by plaintiff's release to parole, but, since he failed to submit anything of evidentiary value documenting plaintiff's release, the Court was unable to adequately assess that proposition. Accordingly, by Order dated September 26, 2005, I denied defendant's motion for judgment on the pleadings, without prejudice, and invited him to move for summary judgment on the injunctive relief claims, if he was so inclined. Defendant moved for summary judgment, and plaintiff failed to timely oppose the motion. On December 27, 2005, I issued an Order informing the plaintiff that he had, again, failed to timely oppose a motion made by the remaining defendant, and giving him one final opportunity to submit opposition papers, by January 23, 2006. I warned him that failure to do so would result in my consideration of the summary judgment motion on defendant's papers alone. To date, plaintiff has failed to submit any opposition to defendant's motion. I have thus considered the motion on defendant's moving papers, and, for the reasons set forth below, grant summary judgment in favor of defendant.

Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor,

and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (citation and quotation marks omitted); accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

It is the initial burden of a movant on a summary judgment motion to come forward with evidence on each material element of its claim or defense, demonstrating that it is entitled to relief. The evidence on each material element, if unrebutted, must be sufficient to entitle the movant to relief in its favor, as a matter of law. Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). When the moving party has met this initial burden and has asserted facts to demonstrate that the non-moving party's claim cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial" as to a material fact. Fed. R. Civ. P. 56(e). A fact is material if it "might affect the outcome of the suit under the governing law. . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. Thus, in order to survive summary judgment, plaintiffs must come forth with more than a mere scintilla of evidence in support of their position; they must come forward with evidence "on which the jury could reasonably find for the plaintiff." Id. at 252. "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.), cert. denied, 524 U.S. 911 (1998). In the absence of any genuine dispute over a material fact, summary judgment is appropriate.

Even where, as here, a summary judgment motion is unopposed, courts are required to conduct the initial inquiry into whether or not the moving party has established its entitlement to judgment as a matter of law. See Vermont Teddy Bear, 373 F.3d at 242.

Courts review pro se pleadings carefully and liberally and interpret such pleadings "to raise the strongest arguments that they suggest." See e.g., Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). This is especially true in the summary judgment context, where a pro se plaintiff's claims are subject to a final dismissal. See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988) ("[S]pecial solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment.") (citation omitted). Plaintiff's pro se status, while implicating a more liberal interpretation of his pleadings, does not excuse him from the burden of coming forward with "concrete evidence from which a reasonable juror could return a verdict" in his favor. LaGrande v. Key Bank Nat'l Ass'n, 393 F. Supp. 2d 213, 219 (S.D.N.Y. 2005) (citation and internal quotation marks omitted); see also Miller v. New York City Health & Hosp. Corp., 2004 WL 1907310 at *9 (S.D.N.Y. Aug. 25, 2004). In reviewing a motion for summary judgment, the court may conduct a search of the record, and grant or deny summary judgment as the record indicates. See Fed. R. Civ. P. 56(c); New England Health Care Employees Union, District 1199, SEIU AFL-CIO v. Mount Sinai Hosp., 65 F.3d 1024, 1030 (2d Cir. 1995); Korea Life Ins. Co. v. Morgan Guar. Trust Co. of New York, 269 F. Supp. 2d 424, 446 (S.D.N.Y. 2003).

Discussion

Plaintiff, in his only remaining claims in this action, seeks injunctive relief against Goord, as Commissioner of the New York State Department of Correctional Services ("DOCS"). Specifically, he seeks an Order mandating that DOCS "correct all of the false and erroneous information in his institutional files;" barring DOCS from "using the Pre-Sentence Report until its [sic] corrected by the Department of Probation;" and barring DOCS from "allowing other agencies access to the false and erroneous information in his institutional files." (Cmplt. ¶¶ 154-56)

Defendant contends that plaintiff's claims for injunctive relief are moot, as he has already received the relief he seeks, namely, that the allegedly "false and erroneous" information in plaintiff's files has been corrected. Indeed, in a decision denying plaintiff's petition for a writ of habeas corpus, which petition was premised, in part, on plaintiff's contention that the parole board denied him parole in 2000 based on false and inaccurate information in his Pre-Sentence Report, Judge Sweet noted that, by the time Boddie was (again) denied parole in 2003, "the erroneous information Boddie complains of in connection with the 2000 parole hearing had been corrected." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 428 (S.D.N.Y. 2003). Moreover, defendant has submitted documentary evidence of plaintiff's release to parole on January 28, 2005. (See Kiley Aff. ¶ 3 & Ex. A; Snow Aff. ¶ 5, Exs. B & C)

"This Circuit has long and consistently held that a plaintiff's request for declaratory or injunctive relief relating to a correctional facility is moot once plaintiff is transferred or released from the facility." Phillips v. Ienuso, 1995 WL 239062 at *1

(S.D.N.Y. Apr. 24, 1995) (citing cases); see also Malik v. Tanner, 1988 WL 25239 at *1 (S.D.N.Y. Feb. 29, 1988) (same). While plaintiff's claims for injunctive relief are not directed at the officials of a particular correctional facility, but at DOCS itself (in the person of Goord, DOCS Commissioner), his release to parole means that he is no longer under the supervision of DOCS, but rather that of the New York State parole authorities. See N.Y. PENAL LAW § 70.40(1)(b). Thus, his claims for injunctive relief against Goord are moot. See, e.g., Hallett v. New York State Dep't of Corr. Servs., 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000) ("Because he is no longer incarcerated and under the supervision of any of the named defendants, [plaintiff's] requests for injunctive relief are dismissed as moot.") (citation omitted); Gadson v. Goord, 1997 WL 714878 at *3 (S.D.N.Y. Nov. 17, 1997) (same); Salahuddin v. Coughlin, 591 F. Supp. 353, 362 (S.D.N.Y. 1984) (claims for declaratory and injunctive relief would be rendered moot by plaintiffs' release to parole); cf. Lowrance v. Coughlin, 862 F. Supp. 1090, 1120 (S.D.N.Y. 1994) (where plaintiff had demonstrated that false information in his file likely had effect on his parole hearings, he was entitled to a new hearing "based on accurate information *unless this issue is mooted by plaintiff's release on parole subsequent to this trial*") (emphasis added).

Though plaintiff will remain under the supervision of the parole authorities until January 29, 2011 (see Snow Aff. Ex. C), the mere possibility that he will violate his parole and be returned to DOCS custody, and that DOCS personnel would then use the allegedly false and erroneous information from his file against him (assuming, contrary to Judge Sweet's finding, that it was not corrected) is pure speculation, and cannot form the basis for the conclusion that plaintiff meets any recognized exception to the mootness doctrine. See Phillips, 1995 WL 239062 at *1-*2; Courts v. Coombe, 1996 WL

312357 at *2 (S.D.N.Y. June 11, 1996) ("The mere possibility that Courts may be returned to [the correctional facility at which he had been housed] at some point in the future does not present a sufficient case or controversy that the Court can presently adjudicate.") (citing Armstrong v. Ward, 529 F.2d 1132, 1135 (2d Cir. 1976)).

In addition to his mootness argument, defendant contends that plaintiff's claims for injunctive relief are barred by the doctrine of res judicata, and that, in any event, plaintiff cannot demonstrate a constitutional violation on which to premise the requested relief. Having concluded that plaintiff's claims are mooted by his release to parole, the court is divested of jurisdiction, and I thus decline to reach these issues. See Russman v. Board of Educ., 260 F.3d 114, 118-19 (2d Cir. 2001)("Whenever mootness occurs, the court – whether trial, appellate, or Supreme – loses jurisdiction over the suit, which therefore must be dismissed.").

Conclusion

For the reasons set forth above, defendant's motion for summary judgment on plaintiff's remaining claims for injunctive relief is GRANTED. The clerk is directed to enter judgment in favor of defendant and close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 15, 2006